[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2006
THOMAS K. KAHN
CLERK

No. 05-15375
Non-Argument Calendar
_____

D. C. Docket No. 04-03116-CV-TWT-1


V. STEPHEN MOORE, individually and
on behalf of all others similarly situated,

Plaintiff-Appellant,


versus


ACCENTURE, LLP,
ACCENTURE UNITED STATES GROUP MEDICAL PLAN,
ACCENTURE UNITED STATES GROUP DENTAL PLAN,
ACCENTURE UNITED STATES BASIC LIFE/ACCIDENTAL
DEATH & DISMEMBERMENT INSURANCE PLAN,
ACCENTURE UNITED STATES OPTIONAL LIFE INSURANCE
PLAN,
ACCENTURE UNITED STATES OPTIONAL ACCIDENTAL DEATH
& DISMEMBERMENT INSURANCE PLAN,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(February 10, 2006)**

Before CARNES, PRYOR  and HILL, Circuit Judges.

PER CURIAM:

V. Stephen Moore filed his original complaint seeking relief from defendants' new leave policy on October 25, 2004. He styled it as a class action, but never moved for nor was it ever certified as such. Nor was the original complaint ever served on any of the defendants.

On December 8, 2004, Moore filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(1)(a)(i). According to Moore's Initial Brief on appeal, he sought voluntary dismissal "in order to gain time to more properly represent the class through negotiated settlement rather than litigation."

On December 9, 2004, Moore states that he was notified by the defendants that they had changed their leave policy. Subsequently, he filed a motion seeking attorneys' fees, costs and for discovery in the dismissed case, arguing that he was a prevailing party. The district court denied the motion, holding that Moore had voluntarily dismissed the action before he obtained any relief for himself or the putative class.

Our review of the briefs and the record support the conclusion of the district court, and finding no reversible error, the denial if the motion is

**AFFIRMED.**